James PERRIN, Administrator of the
Estate of Mary Anne McGee,
deceased

v.

Eleanor L. COATES.

Civ. A. No. 68–823.

United States District Court,
E. D. Pennsylvania.

Oct. 15, 1969.

Richard K. Masterson, Norristown, Pa., for plaintiff.

John J. Walsh, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

WEINER, District Judge.

This action arose from an automobile accident in Pennsylvania between two Pennsylvania residents. Diversity of citizenship was created by the appointment of an out of state resident as administrator of the decedent's estate. Defendant has moved to dismiss the action stating that because diversity was fictitiously manufactured, this court lacks jurisdiction as a result of the holdings in McSparran v. Weist, 402 F.2d 867 (3d Cir. 1968), cert. denied, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969) and Esposito v. Emery, 402 F.2d 878 (3d Cir. 1968). We disagree with defendant's reading of these cases and will deny his motion.

The McSparran, supra, decision held that pending actions based on manufactured diversity would be dismissed in the following instances:

"only where the court finds that in the circumstances of the particular case there is ample time and opportunity for the plaintiff to institute a new action in the state court and that no unreasonable burden will be imposed on the plaintiff by the dismissal of the federal action". McSparran, supra, 402 F.2d at 877.

The complaint before us includes a wrongful death action and a survival action. The statute of limitations for the wrongful death action has already expired. Therefore, if we granted defendant's motion to dismiss, plaintiff would be unable to bring the same complaint in the state courts. In discussing the prospective application of the McSparran, supra, decision, the court stated in Esposito, supra, 402 F.2d at 880:

"As we pointed out in McSparran it would be harsh to apply our new rule retrospectively to a case such as this, in which the plaintiff's rights would be lost because the statute of limitations bars the institution of a new suit in the state court".

We have been notified that defendant would be willing to waive the statute of limitations defense in the state action, should we grant his motion. Nevertheless, we are bound by the cases cited above which clearly sustain federal jurisdiction where the pertinent statute of limitations has already run. We will therefore deny defendant's motion.