Nancy **MOGULL**, administratrix of the estate of Mary P. Riedel, Nancy Mogull, administratrix of the estate of George J. Riedel

v.

Mildred **LICHTFUSS** and John Lichtfuss.

Civ. A. No. 68–880.

United States District Court,
E. D. Pennsylvania.

Oct. 15, 1969.

Sidney L. Weinstein, Philadelphia, Pa., for plaintiff.

James McEldrew, Philadelphia, Pa., for defendants.

### MEMORANDUM OPINION

WEINER, District Judge.

This action was instituted pursuant to the Pennsylvania wrongful death and survival statutes. The cause of action arose out of an automobile accident among Pennsylvania residents. The diversity jurisdiction of this court was sought to be invoked by the appointment of a non-resident administratrix.

We have for our consideration defendant's motion to dismiss on the grounds that this court lacks jurisdiction because diversity was artificially created. The defendant relies on McSparran v. Weist, 402 F.2d 867 (3d Cir. 1968), cert. denied, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969) and Esposito v. Emery, 402 F.2d 878 (3d Cir. 1968) to support his

---

motion. We disagree with defendant's interpretation and must deny his motion.

This cause of action was begun in this court on April 25, 1968 and was therefore pending prior to the new rule announced in *McSparran, supra,* which prohibits artificial diversity. In *McSparran, supra,* the court declared that pending actions based on "artificial diversity" would be dismissed,

> "only where the court finds that in the circumstances of the particular case there is ample time and opportunity for the plaintiff to institute a new action in the state court and that no unreasonable burden will be imposed on the plaintiff by the dismissal of the federal action". *McSparran, supra,* 402 F.2d at 877.

In this case the one year statute of limitations under the wrongful death action[1] had expired before the *McSparran* decision became law, although the two year statute of limitations under the survival action[2] had not. Therefore, were we to dismiss the complaint, the plaintiff would be unable to bring the same complaint in the state courts. Our dismissal would produce the harsh result discussed in *Esposito, supra,* 402 F.2d at 880:

> "As we pointed out in *McSparran* it would be harsh to apply our new rule retrospectively to a case such as this, in which the plaintiff's rights would be lost because the statute of limitations bars the institution of a new suit in the state court".

The defendant has notified this court that if we granted his motion to dismiss this action, he would waive his statute of limitations defense in the state court. Despite this stipulation, we are restricted by the *McSparran, supra,* and *Esposito, supra,* decisions, which clearly provide that federal jurisdiction will be retained where the statute of limitations has expired. Therefore, we will deny defendant's motion thereby insuring to plaintiff access to all the actions provided for by the Pennsylvania statutes.

1. 20 P.S. § 320.601.