**Joan M. BRINKMAN, Administratrix of the Estate of Patrick Ruetschlin, Deceased**

**v.**

**Beth H. FORMAN.**

**Civ. A. No. 68–159.**

United States District Court,
E. D. Pennsylvania.

April 8, 1970.

Bernstein, Bernstein, Harrison & Kessler, Philadelphia, Pa., for plaintiff.

Anthony S. Minisi, Philadelphia, Pa., for defendant.

## MEMORANDUM AND OPINION

JOHN MORGAN DAVIS, District Judge.

The present action arose from an automobile accident, which occurred, April 1, 1967. Plaintiff, Administratrix of the Estate of Patrick Ruetschlin, deceased, instituted suit under the appropriate Wrongful Death [1] and Survival [2] statutes.

Presently before this Court is defendant's motion to dismiss, on the ground that the plaintiff, Administratrix, was appointed solely for the purpose of invoking Federal Jurisdiction. Defendant, relies on the rule of McSparran v. Weist, 402 F.2d 867 (3d Cir. 1968), cert. denied, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969). He admits that no protective suit has been filed in the state court and the appropriate statute of limitations has expired on the Wrongful Death Action. However, he has agreed to waive the defense of statute of limitations to any action filed in the state court.

Defendant submits, that the purpose of *McSparran* supra, would be better served by dismissing the present action

1. 20 P.S. Section 320.601.

2. 12 P.S. Section 1603.

and requiring the plaintiff to institute suit in the state court where it should have been instituted initially. We disagree with defendant's position.

Plaintiff instituted suit January 22, 1968; which, of course, was prior to the new rule established in *McSparran*, supra, prohibiting artificial diversity. *McSparran* supra, declared that pending actions based on "artificial diversity" would be dismissed,

> "only where the court finds that in the circumstances of the particular case there is ample time and opportunity for the plaintiff to institute a new action in the state court and that no unreasonable burden will be imposed on the plaintiff by the dismissal of the federal action". *McSparran, supra,* 402 F.2d at page 877.

Furthermore, Esposito v. Emery, 402 F.2d 878 (3d Cir. 1968) noted at page 880,

> "as we pointed out in *McSparran* it would be harsh to apply our new rule retrospectively to a case such as this, in which the plaintiff's rights would be lost because the statute of limitations bars the institution of a new suit in the state court".

Recently, Judge Weiner of this Court was faced with an identical situation in Mogull v. Lichtfuss, 311 F.Supp. 1034 (Opinion filed October 15, 1969) and Perrin v. Coates, 311 F.Supp. 992 (Opinion filed October 15, 1969), although the defendants there were willing to waive the statute of limitations defense the court sustained Federal jurisdiction based on an analysis of *McSparran, supra,* and *Esposito, supra.*

We concur with Judge Weiner's Opinion and therefore conclude that an offer to waive the defense of the statute of limitations, by a defendant, does not alter the rule in *McSparran.* For the above reasons defendant's motion to dismiss the present action is hereby denied.

It is so ordered.